Mary E. Collings, Respondent, v. American Central Insurance Company, Appellant.

Kansas City Court of Appeals, March 22, 1897.

**Insurance:** CHANGE OF TITLE: WIDOW'S HOMESTEAD: DOWER. The fact that the heirs deeded to the widow for her life the homestead of the ancestor does not affect or change her title to the dwelling house within the meaning of an insurance policy issued to the widow and heirs.

*Appeal from the Mercer Circuit Court.*—Hon. Paris C. Stepp, Judge.

Affirmed.

*Fyke, Yates & Fyke* and *H. J. Alley, Jr.,* for appellant.

(1) "A partition of property, whether by deeds *inter sese*, or by the judgment or decree of court, effects

the change of interest, title or possession against which the policy provided." *Trabue v. Ins. Co.*, 121 Mo. 75-81; s. c., 49 Mo. App. 331. It is idle to talk about the house constituting the homestead, independent of the ground upon which it was located, and independent of any of the appurtenances, such as barn, carriage house, well, etc. R. S. 1889, sec. 5435, 5444. From these sections it clearly appears that it was never contemplated that a mere house, without any land upon which it was located or outbuildings, could be considered as a homestead or descend to a widow as such. (2) There is no evidence of the value of the personal property to support the verdict; only one witness was introduced on that question—Frank Collings. This testimony is not sufficient to justify taking money out of one man's pocket and giving it to someone else. *Jesse v. Davis, Adm'r,* 34 Mo. App. 351.

*H. J. Alley* and *Orton & Orton* for respondent.

(1) The dwelling house and appurtenances was the homestead to the extent of $1,500. As widow of William Collings the plaintiff was entitled to the dwelling as a homestead. The homestead could not be assigned without including the residence. The jury found that the dwelling house and appurtenances were not of greater value than $1,500 as submitted to them by the first instruction. Whatever other property she might get in addition to this, the dwelling house must be a part of her homestead. *Rogers v. Marsh*, 73 Mo. 64; *Rice v. Rudd,* 57 Vt. 6. (2) The dwelling house having passed to her for life, with remainder to the heirs, it was properly insured in the name of both widow and heirs, and the deed which assigned to her the house and other land as her homestead did not as to the house change the title or interest of the parties

therein. To render the policy void there must have been an actual change in the title or interest. 1 May on Ins., 273; *Ayers v. Ins. Co.*, 17 Iowa, 176; 85 Am. Dec. 553. (3) The provisions of the policy did not prohibit the division of the farm—it only prohibited the change of title or interest of the parties in the property insured.

GILL, J.—This is a suit on an insurance policy covering a dwelling house and contents situated in Mercer county. Plaintiff had judgment below and defendant appealed. The controversy arises out of the following facts: In April, 1894, William Collings died, leaving the plaintiff as his widow, and several STATEMENT. adult children. The deceased, at the date of his death, owned about three hundred and fifty acres of land with the dwelling in question thereon and which was the homestead of the family. In May, 1884, defendant issued its policy of insurance—$1,500 on the house and $600 on furniture, etc.—payable to the plaintiff widow and heirs of said William Collings. By the terms of the policy the same was to become void if there was any change in the title of the property insured without notice to the company and permission therefor indorsed on the policy. In June, 1894, the heirs of the deceased Collings conveyed to the widowed plaintiff the dwelling and about one hundred and fifty acres of land on which it was located, to have and to hold during her natural life and no longer, and reciting in the deed that it was the intention "to assign to said Mary E. Collings the above land for her life as her dower and homestead." Shortly after this deed was made the property was destroyed by fire, the heirs in due time assigned the policy to the plaintiff; this suit was brought and the defense interposed was that after the policy was issued there had been a change in the title

to the property insured without the knowledge or consent of the company, basing said defense on the clause of the policy above noted.

To defeat this action, defendant's counsel rely on that line of cases deciding that a partition of property, whether by deeds *inter sese* or by judgment or decree of court, effects that *change of title* provided against in policies such as we have here. *Trabue v. Ins. Co.*, 121 Mo. 75, and cases cited. We find no objection to the rule as stated, but do not think it controlling of the case at bar. If the ordinary tenants in common shall, by judgment in partition or by exchange of deeds, sever their joint holding and set off to each a part of the land, then it is clear that a change in title has been accomplished. But this is a different case. When the plaintiff's husband died, leaving a widow and no minor children, she became at once vested with the right to her late husband's homestead, which was the dwelling house and appurtenances not exceeding in value the sum of $1,500. This right of homestead, too, was a mere life estate. The widow was likewise entitled to her *dower* in the lands, provided of course the homestead did not equal or exceed the one third interest on all the husband's real estate. Sections 5439 and 5440, R. S. 1889. This dower interest was also a mere life estate. There was, however, in the case of Mrs. Collings, this difference in the two estates—homestead and dower. Her homestead interest was specific as to the dwelling house; it attached to that directly on her husband's death, conditioned of course that it did not exceed in value the amount fixed by statute. The jury found that it did not exceed such value; and hence when the policy was issued Mrs. Collings had a vested homestead interest in the dwell-

*Margin note:* INSURANCE: change of title: widow's homestead: dower.

ing, which was the right to enjoy it during her natural life.

Now, what more did the deed of her children give her, as to the dwelling? Nothing more than a life estate; and this she had already. This was the identical interest the widow owned in the dwelling at the time the policy was issued. *There was no change of title* in the homestead or dwelling house and the condition of the policy was not broken. That Mrs. Collings' children saw proper to add to this homestead other land—whether as dower or a mere gratuity—so that the aggregate exceeded in value the homestead right, or even exceeded the right of both homestead and dower, does not alter the case in so far as her interest in the dwelling was concerned. The point is that she and her children all the time—when the policy was issued and subsequently when the fire occurred—had identically the same title and interest in the dwelling house and appurtenances that made up the homestead, and this was a life estate in the widow with remainder over to the heirs.

It seems to us that there was sufficient evidence as to the value of the personal property destroyed, and we therefore overrule the defendant's second and last point made in brief.

The judgment will be affirmed. All concur.